UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VLADIMIR N. GOROKHOVSKY,

        Appellant,

v.                                               Case No. 18-cv-1392-pp

LARISSA OCHERETNER,

        Appellee.

---

**ORDER GRANTING APPELLEE'S MOTION TO DISMISS (DKT. NO. 6) AND DISMISSING APPEAL**

---

The appellant filed an adversary complaint against his ex-wife, seeking a determination of nondischargeability of a debt under a divorce judgment. Gorokhovsy v. Ocheretner, Adversary Case No.17-02360-beh, Dkt. No. 1 (E.D. Bankr. Dec. 4, 2017). Dkt. No. 1-1 at p. 1, docket entry 1. He later amended the complaint to allege breach of the parties' Marital Settlement Agreement. Id. at p. 2, docket entry 11. The appellant amended yet again over eight months after he filed the adversary complaint. Id. at p. 4, docket entry 24.

On Jun 11, 2018, the appellee filed a motion to dismiss the adversary proceeding. Id. at p. 4, docket entry 26; dkt. no. 1-3. On August 20, 2018, the bankruptcy court issued a decision granting the motion to dismiss because (a) the amended divorce judgment established as a matter of law that the $120,000 debt was not dischargeable under 11 U.S.C. §523(a)(5)

1

and (b) either the appellant lacked standing or the court lacked jurisdiction over the state law claim. Id. at p. 6, docket entry 50; dkt. no. 1-2. The bankruptcy court issued the order of dismissal the following day. Id. at p. 6, docket entry 51. The appellant had fourteen days from the entry of the order to file the notice of appeal. Fed. R. Bankr. P. 8002(a)(1). The deadline for filing the appeal expired on September 4, 2018; the appellant filed his notice on September 7, 2018, id. at p. 6, docket entry 54, and did not seek leave of court under Rule 8002(d)(1) to extend the time to appeal. Nor did the appellant pay the appellate filing fee.

Rule 8009 mandates that within fourteen days after the notice of appeal becomes effective, the appellant must file with the bankruptcy court and serve on the appellee a designation of the items to be included in the record. The appellant's designation was due September 21, 2018. The court does not know whether the appellant filed that designation, but on October 9, 2018, this court received record items from the bankruptcy court. Dkt. No. 3. The next day, the district court clerk's office sent the appellant a letter, advising him that from that date forward, his appeal was subject to the time limits in Fed. R. Bankr. P. 8018. Dkt. No. 4. Rule 8018 requires that within thirty days after docketing of the notice that the record has been transmitted, the appellant must serve and file his brief. Fed. R. Bankr. P. 8018(a)(1). This means the appellant's brief was due to this court on November 8, 2018. That deadline passed almost three months ago, and the appellant has not filed a brief.

The appellee has asked the court to dismiss the appeal, citing the appellant's failure to comply with the rules. Dkt. No. 6. The appellant has not responded to that motion. Because the fourteen-day deadline in Rule 8002(a) for filing the notice of appeal is jurisdictional, In re Sobczak-Slomczewski, 826 F.3d 429, 431 (7th Cir. 2016), the appellant's failure to timely file the notice of appeal strips this court of jurisdiction.

The court **GRANTS** the appellee's motion to dismiss for lack of jurisdiction. Dkt. No. 6. The court **DISMISSES** this appeal for lack of jurisdiction.

Dated in Milwaukee, Wisconsin this 29th day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**